# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0462V
UNPUBLISHED

| | |
|---|---|
| DANA IORIO *as special administrator of* ESTATE OF DEANN BABER,<br><br>　　　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: June 5, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Rhonda Lorenz-Pignato, Shannon Law Group, PC, Woodridge, IL,* for Petitioner.

*Voris Edward Johnson, U.S. Department of Justice, Washington, DC,* for Respondent.

## RULING ON ENTITLEMENT[1]

　　On January 11, 2021, DeAnn Baber filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On November 4, 2022, following Ms. Baber's death, Dana Iorio, special administrator of Ms. Baber's estate, was substituted (ECF No. 26). On December 12, 2022, an amended petition was filed (ECF No. 27). Petitioner alleges that Ms. Baber suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine Ms. Baber received on September 17, 2020. Amended Petition at 1. Petitioner further alleges that the vaccine was administered in the United States, Ms.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Baber's pain and impairment continued for longer than six months, and neither Ms. Baber, nor any other party, has ever filed an action or received compensation in the form of an award or settlement for Ms. Baber's vaccine-related injury. Amended Petition at ¶¶ 3, 33, 36-37. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 1, 2023, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that "a preponderance of the evidence establishes (1) that Ms. Baber had no apparent history of pain, inflammation, or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection; (2) that she more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; (3) that her pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and (4) that there is no other condition or abnormality present that would explain petitioner's symptoms." *Id.* at 5. Respondent further agrees that "the records show that the case was timely filed, that the vaccine was received in the United States, and that Ms. Baber satisfied the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration." *Id.* Respondent also notes that Petitioner avers that no civil action has been filed, or compensation in the form of an award or civil settlement has been received, for Ms. Baber's SIRVA. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

IT IS SO ORDERED.

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master