# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0462V

| | |
|---|---|
| DANA IORIO, *as special administrator of the* ESTATE OF DEANN BABER, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: May 3, 2024 |

*Rhonda Lorenz-Pignato*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 11, 2021, Deann Baber filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On November 4, 2022, following Ms. Baber's death, Dana Iorio, special administrator of Ms. Baber's estate, was substituted (ECF No. 26). On December 12, 2022, an amended petition was filed (ECF No. 27). Petitioner alleges that Ms. Baber suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

influenza vaccine Ms. Baber received on September 17, 2020. Amended Petition at 1. On August 8, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 44.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $73,211.20 (representing $67,077.50 in fees plus $6,133.70 in costs). Petitioner's Application for Attorneys' Fees ("Motion") filed January 12, 2024, ECF No. 50. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that no out-of-pocket expenses were incurred. ECF No. 49.

Respondent reacted to the motion on January 16, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 51. Petitioner filed a reply on January 16, 2024, indicating that Petitioner did not intend to file a substantive reply.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 50 – 4. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $73,211.20 (representing $67,077.50 in fees plus $6,133.70 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Shannon Law Group, P.C.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.